UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

DEBORAH K. SEAFORT

DEBTOR                                              CASE NO. 08-22380


FREDERICK C. SCHULER
CARRIE A. SCHULER

DEBTORS                                             CASE NO. 08-22417

## MEMORANDUM OPINION AND ORDER

This matter is before the court to resolve the issue of whether the Debtors in the above-captioned Chapter 13 cases may exclude their proposed 401(k) contributions from projected disposable income which would otherwise have to be paid into their respective Chapter 13 plans. The Debtors and the Chapter 13 Trustee have agreed to consolidate these cases with respect to the resolution of this issue.

As set out by the Debtors, Frederick C. Schuler ("Schuler") and Deborah K. Seafort ("Seafort") are each eligible participants in their employers' ERISA-qualified retirement plans, each of which is a 401(k) plan funded by voluntary deductions from the Debtor's earnings. Prior to the filing of their respective Chapter 13 petitions, the Debtors had ceased making contributions to their retirement plans and had taken out 401(k) loans. The monthly deductions currently being taken by the Debtors are noted on Schedule I of each plan.

The 401(k) loans are each scheduled to be paid in full prior to completion of the Debtors' respective Chapter 13 plans. The Debtors have proposed to continue their payroll deductions as 401(k)

contributions after their loans are paid out. Under this course of action, the Debtors' Chapter 13 plan payments would not increase on account of their satisfaction of their 401(k) loans. The Trustee, however, contends that in order to present a confirmable plan, each Debtor must propose a step plan in which monthly Chapter 13 plan payments would increase by an amount equal to each Debtor's present 401(k) loan payment.

Seafort's plan has been confirmed subject to the court's ruling on this issue. Confirmation of Schuler's plan has been continued subject to the Trustee's review of requested documentation regarding a separate issue.

With the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the treatment of voluntary contributions to employee benefit plans and loan repayments to those plans in Chapter 13 cases changed. Previously the requirement that all of a debtor's disposable income be committed to the Chapter 13 plan barred a debtor from making retirement contributions or loan repayments for the life of the plan. Now, however, the Bankruptcy Code excludes "any amounts" used to repay retirement loans from the calculation of a debtor's "disposable income." 11 U.S.C. § 1322(f). Further, BAPCA amended Code section 541 to provide:

> (b) Property of the estate does not include–
> . . . .
>   (7) any amount–
>     (A) withheld by an employer from the wages of employees for payment as contributions–
>       (i) to–
>         (I) an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 or under an employee benefit plan which is a governmental plan under section 414(d) of the Internal Revenue Code of 1986;

> . . . .
> except that such amount under this subparagraph shall not
> constitute disposable income as defined in section
> 1325(b)(2)[.]

11 U.S.C. § 541(b)(7).

The Debtors also refer to the relationship between section 541 and section 1306 which addresses property a debtor acquires after the commencement of the case. Section 1306 provides in pertinent part that "[p]roperty of the estate includes, in addition to the property specified in section 541 of this title, all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first[.]" 11 U.S.C. § 1306(a)(1). The Debtors contend that nothing in this language evidences an intent to limit the exclusion provided in section 541(b)(7). This court agrees.

The Debtors cite several cases in support of their position. In *In re Mati*, 390 B.R. 11 (Bankr. D. Mass. 2008), the court considered the trustee's good faith challenge to the debtor's 401(k) contributions:

> [B]y excluding 401(k) contributions from property of the
> estate and expressly removing them from the definition of
> disposable income under section 1325(b), *see* 11 U.S.C
> § 541(b)(7), Congress has implemented a policy of protecting
> and encouraging retirement savings. As noted by the court
> in *In re Johnson*, 346 B.R. 256, 262-63 (Bankr. S.D. Ga.
> 2006), BAPCPA's amendments to section 1325(b) alter the good
> faith inquiry under section 1325(a)(3) by narrowing the
> scope of judicial discretion and excluding certain sources
> of income that do not need to be committed to Chapter 13
> plans. In particular, debtors, pursuant to section
> 541(b)(7), may shelter contributions to certain qualified
> employee benefit plans. *Id.* at 263. The court in *Johnson*
> concluded that the debtors could fund their 401(k) plans in
> good faith as long as their contributions did not exceed the
> limits legally permitted by their 401(k) plans.

*In re Mati*, 390 B.R. at 17.  In *Johnson* the debtors were making contributions to their 401(k) plans and repaying loans from those plans at the same time.

    This court agrees with the *Mati* court's interpretation of the relevant statutory provisions and its understanding of congressional intent.  The trustee argues that contributions to a retirement plan are excluded from property of the estate and consideration as disposable income only if the contributions are being made at the time the petition is filed.  The court believes, however, that participation in a 401(k) plan is an ongoing endeavor, and while loan payments may take the place of contributions for the life of the 401(k) loan, the income stream that funds both loan payments and plan contributions is the same.  Loan payments and plan contributions are alternative participation vehicles, and neither needs to be committed to the Debtors' Chapter 13 plans under the reasoning of *Mati*.

    For the reasons set out above, this court concludes that the Debtors' Chapter 13 plans should be confirmed as proposed without modification.  It is so ordered.

Copies to:

Michael B. Baker, Esq.
Chapter 13 Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Monday, June 22, 2009
(wsh)**